UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

URETHANE TECHNOLOGY COMPANY, INC.,

                          Plaintiff,

**COMPLAINT**

-against-

AMD PLASTICS, LLC,

                          Defendant.
------------------------------------------------------------------------X

Plaintiff, Urethane Technology Company, Inc., by and through its attorney, Frederick C. Kelly, Esq., alleges the following:

1. Plaintiff, Urethane Technology Company, Inc., is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 59-77 Temple Avenue, Newburgh, New York 12550.

2. Defendant, AMD Plastics, LLC, is a limited liability company organized and existing under the laws of the State of Ohio, with offices at 185 W. Main Street, Suite F, New Concord, Ohio 43762.

3. The within lawsuit sounds in breach of contract and related actions after Defendant:

    a. Ordered from Plaintiff 42,780 pounds of urethane (in 16 totes[1]) on August 13, 2020;

    b. Took delivery of said 16 totes on August 14, 2020 in Newburgh, New York;

    c. But thereafter failed and refused to pay for same.

---

[1] A "tote," which holds about five (5) drums' worth of liquid material, is a polyethylene container in a metal cage attached to a skid.  .

## JURISDICTION AND VENUE

4. Plaintiff is a citizen of New York, while Defendant is a citizen of Ohio.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7. Furthermore, the exercise of personal jurisdiction over Defendant comports with Constitutional due process standards. As described below (at Paragraphs 11–44), Defendant has purposefully established sufficient minimum contacts with New York such that it should reasonably anticipate being haled into court in New York. The assertion of personal jurisdiction is reasonable and consistent with traditional notions of fair play and substantial justice.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this action occurred in Newburgh, New York which is within this judicial district and the Defendant is subject to personal jurisdiction here.

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff is a formulator and blender of polyurethane products for the wholesale market. It develops specific polyurethane formulas in accordance with its customers' needs, and thereafter blends or mixes various ingredients to make a specific polyurethane foam. Its products are found among various industrial, medical, and military uses, including soft cushioning types of foams used for seating, insulation products, floatation products, medical devices, automotive sound deadening and structural composites, aerospace, and

military products.

10. Defendant holds itself out as a "high-tech thermoforming company with over 30 years in the business." Upon information and belief, Defendant uses urethane in the products it sells to its customers.

11. On or about October 9, 2019, Defendant submitted a credit application to Plaintiff's offices in New York, which contained terms which would apply to its dealings with Plaintiff.

12. Said credit application was signed on Defendant's behalf by Defendant's then Chief Financial Officer, the execution of which thereby bound Defendant to its terms and provisions.

13. Pursuant to the agreed terms in said credit application executed by Defendant on October 9, 2019, Defendant agreed to pay the full amount on any invoices within 30 days from the date any products were sold or delivered to Defendant.

14. Pursuant to the same terms, outstanding bills would bear interest at a rate of 1.5% per month.

15. Pursuant to the same terms, Defendant would owe reasonable attorney fees and collection fees in the event Plaintiff deemed it necessary to refer Defendant's account for collection.

16. On or about April 1, 2020, Defendant placed an order with Plaintiff for 16 totes of urethane.

17. Defendant arranged for certain carriers to be available to take delivery of Plaintiff's product in Newburgh, New York.

18. Defendant then forwarded a list of the approved carriers to Plaintiff and asked that it use a

carrier from the approved list for delivery.

19. Upon information and belief, Defendant made arrangements with the carriers on its approved list for delivery in Newburgh, New York, including paying the carrier for its services in New York.

20. Plaintiff followed Defendant's wishes and did choose a carrier from Defendant's approved list.

21. As a result, a carrier from Defendant's approved list took delivery for Defendant on April 8, 2020 of the 16 tote order that had been placed by Defendant on April 1, 2020.

22. Thereafter, Defendant paid Plaintiff for the 16 tote order of April 1, 2020.

23. On April 24, 2020, Defendant again placed an order with Plaintiff, this time for 8 totes of urethane.

24. The delivery pattern was similar to that of the April 1, 2020 order, wherein Defendant requested Plaintiff to deliver the 8 totes in Newburgh, New York using a carrier from the approved list that had previously been provided by Defendant to Plaintiff.

25. Plaintiff did so.

26. Thereby, on April 28, 2020, a carrier from Defendant's approved list took delivery for Defendant of the 8 tote order that had been placed by Defendant on April 24, 2020.

27. Thereafter, Defendant paid Plaintiff for the 8 tote order of April 24, 2020.

28. However, Defendant would fail and refuse to pay for the next order it placed, which is the subject of this lawsuit.

29. Specifically, on August 13, 2020, Defendant submitted a rush order for another 16 totes of urethane (specifically, 10 totes of A component urethane and 6 totes of B component

urethane, totaling 42,780 pounds of urethane in all).

30. Defendant indicated that it needed said 16 totes immediately and requested the ability to take delivery of said 16 totes the very next day.

31. Although notice was short, Plaintiff set aside a mixing tank and specially accommodated Defendant's request.

32. The agreed upon price for the 16 totes was $70,004.00.

33. That price which was accepted by Defendant.

34. Indeed, on August 13, 2020, upon Defendant placing said order for the 16 totes of urethane, Plaintiff emailed Defendant an order confirmation marked as "OR00046611" which confirmed the price of $70,004.00 for the 16 totes of urethane.

35. Defendant received the order confirmation "OR00046611" and assented to same.

36. This time, however, Defendant made all of the arrangements for delivery of the order in Newburgh, New York.

37. Thus, on the afternoon of August 13, 2020, Defendant's Chief Operating Officer, Matt Hall, sent an internal email within Defendant's company to fellow employees Roman Monastyrski, Raymond Kruczek, Maria Coello, and Frabciso Juarez so as to arrange for Defendant to take delivery of the 16 totes in Newburgh, New York the following day.

38. Thereafter, Defendant took delivery of the 16 totes on a truck procured, hired, and paid for by Defendant at Newburgh, New York on August 14, 2020.

39. Plaintiff sent Invoice No. IN00045635 dated August 14, 2020 to Defendant on August 14, 2020, showing that full payment of $70,004.00 for the said August 14, 2020 delivery was due on September 13, 2020.

40. On August 14, 2020, Defendant received said Invoice No. IN00045635.

41. However, Defendant has failed and refused to pay any part of said Invoice No. IN00045635.

42. Since being sent Invoice No. IN00045635 on August 14, 2020, Plaintiff has contacted Defendant numerous times requesting payment.

43. Specifically, Plaintiff has contacted Defendant regarding the outstanding balance on Invoice No. IN00045635 on September 28th, October 1st, October 7th, October 16th, October 22nd, October 28th, October 29th, October 30th, November 3rd, November 4th, November 5th, November 16th, and, December 2nd (all in the year 2020).

44. Finally, on January 7, 2021, Plaintiff, through its attorney, sent a demand letter by overnight mail, which demand letter was received by Defendant at its Ohio offices on January 8, 2021, to which there has been no adequate response.

45. At no point in time has Defendant ever objected to said Invoice No. IN00045635.

46. Plaintiff has now deemed it necessary to refer Defendant's account for collection, hence this lawsuit.

47. At the 13th of each month, additional interest of $1,050.60 accumulates on the unpaid $70,004.00 pursuant to the terms of the credit application, meaning that to date an additional $5,250.30 is due and owing to Plaintiff, plus reasonable attorney fees and costs.

FIRST CAUSE OF ACTION – BEACH OF CONTRACT

48. There existed a contract between Plaintiff and Defendants for delivery of 10 Totes of A component urethane and 6 totes of B component urethane, for a total of 42,780 pounds of

urethane in all 16 totes.

49. Pursuant to said contract, Plaintiff would provide said 16 totes on August 14, 2020.

50. Defendant would pay Plaintiff $70,004.00 no later than September 13, 2020.

51. Pursuant to said contract, in the event it failed to pay, Defendant would owe Plaintiff interest on the outstanding balance at a rate of 1.5%per month from September 30, 2020.

52. Pursuant to the same terms, Defendant would owe reasonable attorney fees and collection fees in the event Plaintiff deemed it necessary to refer Defendant's account for collection.

53. Plaintiff performed its end of the agreement and did provide the said 16 totes on August 14, 2020.

54. Defendant accepted delivery as set forth above, but has breached the contract by failing and refusing to pay any part of the $70,004.00 to date.

55. As a result, Plaintiff has been damaged in the amount of $70,004.00 with interest at 1.5% per month from September 13, 2020, plus reasonable attorney fees and collection fees.

## SECOND CAUSE OF ACTION – QUANTUM MERUIT

56. In the alternative, Plaintiff performed work and supplied materials for Defendant in good faith when it set aside its mixing tanks for Defendant's rush order on August 13, 2020, mixed the 16 totes of urethane to Defendant's specifications, and thereafter delivered said 16 totes of urethane to Defendant on August 14, 2020.

57. Plaintiff did so under the expectation that it would be paid for said work and materials.

58. Defendant understood that Plaintiff was acting in reliance on that expectation.

59. Defendant accepted such work and materials from the Plaintiff.

60. The reasonable value of those services and materials is $70,004.00, which amount has remained due and owing since September 13, 2020.

61. As a result, Plaintiff has been damaged in the amount of $70,004.00 with interest from September 13, 2020, plus reasonable attorney fees and collection fees.

## THIRD CAUSE OF ACTION – ACCOUNT STATED

62. Defendant received and retained Invoice No. IN00045635 for the above August 14, 2020 delivery without any objection within a reasonable period of time.

63. Defendant did so when Plaintiff billed Defendant on August 14, 2020 with Invoice No. IN00045635, reciting the agreed upon price of $70,004.00, which was accurate at that time.

64. The above billing was done via e-mail.

65. The above billing was received by Defendant.

66. Defendant raised no objection to said No. IN00045635 on August 14, 2020.

67. Plaintiff followed up this email bill with calls and correspondence to Defendant's offices requesting payment of Invoice No. IN00045635 on September 28th, October 1st, October 7th, October 16th, October 22nd, October 28th, October 29th, October 30th, November 3rd, November 4th, November 5th, November 16th, and, December 2nd (all in the year 2020).

68. In response to the above, Defendant never raised any objection to Invoice No. IN00045635.

69. Thereafter, on January 7, 2021, Plaintiff, through its attorney, sent a demand letter referencing Order No. OR00046611 and the 16 tote delivery on August 14, 2020, by

overnight mail, which demand letter was received by Defendant at its Ohio offices on January 8, 2021.

70. The demand letter also indicated the accumulating interest of 1.5% per month that was agreed to by Defendant in the credit application signed October 9, 2019.

71. The demand letter also indicated the attorney fees due under the credit application signed October 9, 2019.

72. At no point in time has Defendant ever objected to Plaintiff's demands.

73. However, Defendant has failed to pay any of the $70,004.00 plus interest at 1.5% per month from September 30, 2020.

74. Plaintiff has been damaged in the amount of $70,004.00 with interest at 1.5% per month from September 13, 2020 amounting to $5,250.30 through the date of this Complaint, plus reasonable attorney fees and collection fees.

    WHEREFORE Plaintiff respectfully request a judgment:

    a.    On the First Cause of Action, for judgment against Defendant for $75,254.30, plus reasonable attorney fees and collection fees, and accruing interest of an additional $1,050.60 each month; or, in the alternative

    b.    On the Second Cause of Action, for judgment against Defendant for $75,254.30, plus reasonable attorney fees and collection fees, and accruing interest of an additional $1,050.60 each month; or, in the alternative

    c.    On the Third Cause of Action, for judgment against Defendant for $75,254.30, plus reasonable attorney fees and collection fees, and accruing interest of an additional $1,050.60 each month;

      d.      For attorneys' fees, costs, and disbursements, including any such fees, costs and disbursements that are necessitated by collection of the judgment; and

      e.      For such other, further, and different relief as the Court deems just and proper.

Dated: Goshen, New York      Yours, etc.
       February 27, 2021

                                        /s/ Frederick C. Kelly
                                        Frederick C. Kelly, Esq.
                                        Attorney for Plaintiffs
                                        One Harriman Square
                                        Goshen, New York 10924
                                        845 294-7945
                                        SDNY Attorney No. FK1986